**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN SEBASTIAN DEGRAZIA, | : | CIVIL ACTION NO. 08-1009 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| FEDERAL BUREAU OF INVESTIGATION, et al., | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

The plaintiff pro se, John Sebastian Degrazia, brings this action seeking relief from the defendants (collectively hereinafter, "Government"). (Dkt. entry no. 1, Compl.)[1] The Government now moves to dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(b). (Dkt. entry no. 11.) The Court will (1) decide the motion on the papers under Rule 78(b), (2) grant the part of the motion seeking to dismiss the complaint under Rule 12(b)(6), (3) deny the remaining parts of the motion without prejudice, and (4) dismiss the complaint.

**BACKGROUND**

**I. Allegations**

Degrazia alleges that the Government:

> mistakenly administer[ed] an injection to the Claimant which was a demonstration of experimental results of possible use to the Military, thereby causing it loss

---

[1] The plaintiff paid the filing fee. (Dkt. entry no. 1.)

>    and hardship throughout its life, but certainly and
>    particularly created a dangerous condition for the
>    General Public in January and February of 2007, when the
>    effects of the experiment contributed to the deaths of
>    at least four other persons in one day.  The results of
>    the injection complained of continue to pose a life-
>    hazard under certain circumstances, with potentially
>    fatal consequences to the members of the General Public.

(Compl., at 1-2.)  The Court assumes that "it" refers to Degrazia.  He further alleges:

>    1.   Whereas: At the time of the incident complained of,
>    it was not of full age, nor employed by the United
>    States in any respect, nor were its parents so employed,
>    and it was personally unwilling to be injected with the
>    experimental substance which is the subject of the
>    Matter at Hand.
>
>    2.   Whereas: No permission had been given for the
>    experiment complained of, either by officials of [a
>    certain] Elementary School, in whose custody it was at
>    the time of the incident complained of, nor by its
>    parents, who resisted giving up the Complainant to the
>    Assistant in charge of the experiment complained of.
>
>    3.   Whereas: The effects of the experiment accrued
>    significantly, are accruing at present and are such as
>    to pose a danger to others.  This present danger places
>    this Complaint within the scope and purpose of the
>    Statute of Limitations (Federal Tort Claims Act, 28
>    U.S.C. 2401(b)).  The Court . . . might weigh the
>    Public's right to be protected from the ongoing effects
>    of a tragically mistaken experiment against the People's
>    right to be free of ancient or stale Claims brought
>    against long-departed officials in present-day Courts.
>
>    4.   Whereas: The incidents and acts Complained of are
>    nowhere excepted or excused by . . . USC Title 28, . . .
>    § 2680, Exceptions (a) . . . .
>
>    5.   Whereas: The substance of the injection was and is
>    the property of the United States, and any effects of
>    that property are chiefly and properly the concern of
>    that Governmental entity.

(Compl., at 2-3.) Degrazia also seeks various remedies, including medical treatment, investigations, and damages. (Id. at 4-5.)

Degrazia has also filed a 128-page supporting document ("Supporting Brief"). (Dkt. entry no. 17, Pl. Br. Supporting Compl.) He alleges that he:

> was taken by mistake to be included in an experiment or demonstration of experimental results undertaken by Federal Employees operating out of [a certain] Federal Airbase in California in 1955. . . . The Complainant was four years of age, and attending its first year of school. The employees appear to have been two FBI "civilian" escorts, accompanying a DoD scientist, perhaps a "researcher" recruited from those emigrating from Germany after the War.
>
> . . . .
>
> After an initial adverse reaction which the Complainant narrowly survived, and which left it with lingering maladaptive behavior and impairments that slowed or arrested its development and education, the Complainant began to suffer additional delayed results of the experimental injection at around the age of forty.

(Id. at 4-5.) Degrazia claims that the injection (1) blocked the development of his endocrine system, (2) permitted the growth of a "gene splice" — that "may have been created in Nazi Germany" — giving him "a resistance to the attacks of predators such as sharks and crocodiles", (3) caused him to "express[] Crocodilian pheromones", (4) has enabled him to (a) swim "alongside dangerous, man-eating alligators", (b) cause alligators to arise to "greet" him", and (c) attract a "two-hundred pound tarpon" that tried to "engage . . . in some sort of mating activity", (5) led others to

assume they possess the same abilities and to emulate him, resulting in "multiple fatalities", and (6) has "made [him] a 'Crocodile Man,' a human with the reproductive orientation of a crocodile, and all the instinctive behavior that goes with it". (Id. at 6-10, 12, 41, 52, 55, 58, & 61.)  He further "suspects [t]hat to this day it carries antibodies or gene-fragments which may be traced to the injection, and perhaps its internal physiognomy reflects changes caused by the injection, such as the presence of genetic or internal (organic) anomalies, abnormal blood composition, a 'gland' or body not ordinarily present in humans, perhaps non-human DNA, damage to its endocrine system, or other differences traceable to the effects of the experiment". (Id. at 119-20.)

 He also claims that (1) "the research also became part of a highly dangerous weapons development (Space-Time Relativity) program", as well as "Time-Space Weapons", (2) the "Government may have been intentionally deceived by Nazi agents, or the ultimate consequences of the experiment may have simply been too far from the imagination and comprehension of the average intelligent mind of the day to 'stay the hands' of those who guided policy and wanted to 'see it through'", and (3) "[t]here is also the certainty that others . . . are being and will be similarly injected", and he brings this action to "minimize the possibility that victims will become desperate and be 'driven

4

into Mutants' camp". (Id. at 11, 29, 54, & 61.) He also details various post-injection events. (Id. at 63-120.)

Degrazia also asserts that he has advised law enforcement about (1) a plan to assassinate a state judge, (2) terrorist infiltration of the United States, (3) a terrorist ring in Princeton, New Jersey, (4) neo-Nazi activity, and (5) political corruption. (Id. at 14, 59, & 121-28.)

**II. Motion**

The Government moves to dismiss the complaint pursuant to, inter alia, Rule 12(b)(6) for the plaintiff's failure to state a claim. (Dkt. entry nos. 10-11.)

Degrazia has filed several responses, over the course of 71 additional pages, in opposition to the motion. (Dkt. entry nos. 12-16.) These responses reiterate the allegations in the complaint and Supporting Brief.

## DISCUSSION

**I. Standard**

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted". Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). A motion to dismiss will not be granted "unless it appears beyond

doubt" that the plaintiff can prove no set of facts in support of the claim that would show entitlement to relief. Robb v. City of Phila., 733 F.2d 286, 290 (3d Cir. 1984).

The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff". Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not credit bald assertions or legal conclusions. Id. A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios". Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

**II. Failure To State Claim**

Degrazia's claims "involve fantastic factual scenarios . . . lack[ing] any arguable factual or legal basis". Allen-Mensah v. O'Malley, 215 Fed.Appx. 86, 86 (3d Cir. 2007) (affirming judgment dismissing complaint alleging defendants experimented on plaintiff). His allegations "surpass all credulity". Caesar v. Megamillion Biggame Lottery, 193 Fed.Appx. 119, 121 (3d Cir. 2006) (affirming judgment dismissing complaint alleging conspiracy to steal winning lottery tickets), cert. denied, 127 S.Ct. 1150 (2007).

All of the claims — when viewed in their totality — are "delusional, irrational, [and] wholly incredible". <u>Hines v. United States</u>, 166 Fed.Appx. 610, 611 (3d Cir. 2006) (dismissing appeal from order dismissing complaint on those grounds). Thus, "[a]fter carefully reviewing the complaint, we cannot escape the observation that the complaint consists exclusively of the type of clearly baseless facts or fanciful allegations that courts need not credit". <u>Browder v. Audette</u>, 229 Fed.Appx. 150, 151 (3d Cir. 2007) (cite and quotes omitted) (dismissing appeal from order dismissing complaint asserting defendants (1) assaulted plaintiff and planned further harm, and (2) revealed private information to the public). The Court will grant the part of the motion seeking to dismiss the complaint pursuant to Rule 12(b)(6).[2]

---

[2] The Court need not address the parties' remaining arguments. But the Court would be inclined to dismiss the complaint on these other grounds:

(1) Degrazia appears to lack standing to pursue claims on behalf of the other individuals he describes, <u>e.g.</u>, others experimented upon, or those adversely affected by his presence. See <u>Jones v. Reg'l Office</u>, 182 Fed.Appx. 135, 135 (3d Cir. 2006) (dismissing appeal in action brought by plaintiff for another, as plaintiff not suffering injury in fact); <u>see also</u> Fed.R.Civ.P. 12(b)(1).

(2) A plaintiff must file an administrative claim with the Government within two years of an alleged tortious act, and then bring an action within six months of its denial. 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.2. These requirements are "unambiguous", <u>McNeil v. United States</u>, 508 U.S. 106, 111 (1993), and "jurisdictional and cannot be waived". <u>Roma v. United</u>

7

**CONCLUSION**

The Court will (1) grant the part of the motion seeking to dismiss the complaint under Rule 12(b)(6), (2) deny the remaining parts of the motion without prejudice, and (3) dismiss the complaint.  The Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:     June 12, 2008

---

States, 344 F.3d 352, 362 (3d Cir. 2003).  Degrazia failed to comply with these unambiguous, jurisdictional prerequisites.

    (3)  Degrazia, as a private citizen, has no federal right to compel an investigation, as initiating an investigation is a function of governmental discretion.  Millhouse v. Levi, No. 07-4048, 2008 WL 510471, at *1 (3d Cir. Feb. 27, 2008) (concerning request to investigate detention center, and citing Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973)); Nicholas v. Heffner, 228 Fed.Appx. 139, 141 (3d Cir. 2007) (dismissing appeal from order dismissing claim seeking investigation of police officers); Martin v. U.S. Att'y Off., No. 06-5115, 2007 WL 1672354, at *3 (D.N.J. June 7, 2007) (granting motion to dismiss claim seeking writ of mandamus directing defendant to investigate and stop medical experiments on plaintiff).

    (4)  Degrazia's "perceived awareness of corruption and fraud is not a sufficient injury in fact" to give him standing to bring a claim.  Hill v. Nassberg, 166 Fed.Appx. 608, 610 (3d Cir. 2006) (dismissing appeal from order dismissing complaint asserting broad claims of corruption).